CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 12 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **DOUGLAS SHARRON PIGGEE,** | ) | Civil Action No. 7:09-cv-00027 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | By: Hon. James C. Turk |
| Respondent. | ) | Senior United States District Judge |

Douglas Sharron Piggee, a federal prisoner proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Piggee requests that the court review his sentencing court's decisions and his counsel's performance. After initially screening the complaint, the court finds that the petition must be dismissed for lack of jurisdiction.

I.

Piggee alleges the following facts. Piggee pled guilty to a federal crime, and the United States District Court for the Eastern District of California subsequently sentenced Piggee on August 27, 1999, to serve 188 months incarceration. Piggee did not directly appeal, but he filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, with the district court in the Eastern District of California. Piggee claimed that he was not a career offender and counsel was ineffective. The district court denied his motion on September 1, 2004. Piggee filed the instant § 2241 petition on January 29, 2009, while presently incarcerated at the United States Penitentiary in Lee County, Virginia.

II.

A petitioner must file his habeas petition, pursuant to 28 U.S.C. § 2241(a), with the federal district court in the district where the petitioner is incarcerated. However, a petitioner must file his motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255(e),

with the federal court that pronounced the judgment or sentence being challenged.

Motions under § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless the remedy is inadequate or ineffective. In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). Therefore, a federal inmate may not collaterally attack his sentence under § 2241 unless he demonstrates that the remedy afforded by § 2255 is inadequate or ineffective to test the legality of his detention. Swain v. Pressley, 430 U.S. 372, 381 (1977); In re Jones, 226 F.3d at 333. To demonstrate an inadequate or ineffective remedy under § 2255 and proceed under § 2241, a petitioner must show that:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333-34. Significantly, a procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review inadequate. In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).

Petitioner does not merely challenge the execution of his sentence but disputes the lawful authority of his criminal judgment and sentence. The petitioner checked the box on his petition form to challenge his sentence, attacks the sentencing court's decision to apply prior convictions as predicate offenses for the career offender penalty, and claims that his counsel provided constitutionally ineffective assistance. (Pet. 1, 4.) Petitioner also does not discuss any intervening substantive change in the law applicable to his case, and merely seeks to raise the same issues his sentencing court determined in his prior § 2255 motion. Therefore, petitioner

2

does not satisfy the In re Jones elements, and the court construes petitioner's § 2241 habeas petition as a § 2255 motion collaterally attacking his judgment and sentence. Because petitioner's § 2255 petitions must be filed with the District Court for the Eastern District of California, the court does not have jurisdiction to consider his claims. Accordingly, Piggee's petition for a writ of habeas corpus is dismissed.

III.

For the foregoing reasons, the court dismisses Piggee's petition for a writ of habeas corpus.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the petitioner.

**ENTER**: This 12th day of February, 2009.

_____
Senior United States District Judge